Submitted on motion to dismiss appeal March 28, motion allowed June 21, 1927.

## MARION REED ET AL. *v.* JOHN M. ORR ET AL.

(257 Pac. 337.)

**Appeal and Error—Appeal will be Dismissed Where Only Transcript was Filed During Term Next Followng Appeal, Abstract Being Filed at Subsequent Term** (Or. L., § 554).

Where only transcript consisting of copy of decree, notice of appeal and proof of service and undertaking was filed during term next following appeal, abstracts not being filed until subsequent term, appeal will be dismissed, since Section 554, Or. L., requiring filing of abstract of enough of record to intelligently present question to be decided before expiration of term next following appeal, is mandatory.

Appeal and Error, 4 **C. J.**, p. 463, n. 33, p. 569, n. 83.

From Josephine: C. M. THOMAS, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Mr. O. S. Blanchard* and *Mr. A. C. Hough.*

*Contra, Mr. James T. Chinnock.*

PER CURIAM.—This is a motion to dismiss the appeal. This appeal became perfected on September 27, 1925. During the next following October term of this court, a transcript consisting of a copy of the decree, notice of appeal, proof of service and of the undertaking and nothing more, was filed here. At the next following March term of this court the abstracts were filed. Until the abstracts were filed nothing had been filed in this court except the transcript, and that did not contain "so much of the record as may be necessary to intelligibly present

the question to be decided by the appellate tribunal.''

Section 554, Or. L., requires the appellant to file a transcript of such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided, and authorizes the extension of the time in which the same may be filed, but expressly provides that the order extending the time shall not extend it beyond the term of the appellate court next following the appeal. The filing of the transcript alone without the filing of the abstract did not contain sufficient of the record to intelligibly present any question for decision, and since the language of the statute is mandatory in respect to this matter, and the statute was not complied with in that the abstracts which do set forth the record required by the statute were not filed until after the expiration of the term next following the appeal, the motion to dismiss the appeal as held in *Walker* v. *Fireman's Fund Ins. Co.*, 122 Or. p. 179, 257 Pac. 703, decided May 24, 1927, must be allowed, and it is so ordered.

APPEAL DISMISSED.